## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, MADELINE KRASNO, and RYAN HARTKOPF,<br><br>      Plaintiffs,<br><br>      v.<br><br>FRANCIS M. COLLINS, in his official capacity as Director of the National Institutes of Health, and XAVIER BECERRA, in his official capacity as Secretary of the U.S. Department of Health and Human Services,<br><br>      Defendants. | Civil Action No. 21-2380 |

**PLAINTIFF MADELINE KRASNO'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PERMISSION TO OMIT HOME ADDRESS FROM CAPTION**

Local Civil Rules 5.1(c)(1) and 11.1 require that the "full residence address of the party" be included in the caption of the initial pleading. *See* D.C. LCvR 5.1(c)(1); 11.1. Plaintiff Madeline Krasno respectfully requests leave to omit her home address from the caption of public filings due to her well-founded fears that including her personal addresses on the public record, which may be reproduced in linked documents published in prominent public news sources that are likely to take interest in this action, presents a particular risk of targeted harassment.

Courts in this District have discretion to waive the home address requirement and to permit the filing under seal of a party's address where the circumstances so require. *Yaman v. U.S. Dep't of State*, 786 F. Supp. 2d 148, 151 (D.D.C. 2011). In considering whether circumstances warrant deviation from the requirements of Local Rule 5.1, courts generally apply the five-factor balancing test also used to determine whether to allow a plaintiff to proceed pseudonymously. *See Yaman*, 786 F. Supp. 2d at 152–53; *Doe v. Cabrera*, 307 F.R.D. 1, 5

(D.D.C. 2014). The factors are "(1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of a sensitive and highly personal nature; (2) whether identification poses risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent nonparties; (3) the ages of the persons whose privacy interests are sought to be protected; (4) whether the action is against a governmental or private party; and (5) the risk of unfairness to the opposing party[.]" *Cabrera*, 307 F.R.D. at 5.

In this case, there is good cause to permit Ms. Krasno to omit her home address from the caption of the complaint and to permit her to file her address under seal. Identification of Ms. Krasno's address risks "retaliatory physical or mental harm" rather than mere "annoyance" or "criticism," this action is against a government party, and there is no risk of unfairness to the defendant agencies.

*First*, publication in this case would risk harm to Ms. Krasno. As part of her animal rights advocacy, Ms. Krasno maintains an active social media presence, including a public Instagram account with over 3,000 followers. Ms. Krasno has not shared her address publicly. She fears that if she does so, her safety will be at risk due to potential trolls and stalkers. First, in the course of her online advocacy, Ms. Krasno has received comments that are aggressive or threatening. In light of the sensitivity surrounding animal testing and research, Ms. Krasno is concerned about targeted harassment and even potential threats against her safety, particularly because she lives alone. Second, Ms. Krasno also frequently receives direct messages from male followers that are romantic or sexual in nature; in many instances, these men persist in messaging her despite her decision not to respond. Ms. Krasno fears that publication of her address might encourage these followers to seek her out, to continue to harass her, and

potentially to stalk or confront her. These fears are reasonable, because advocacy on similar issues regularly provokes targeted threats and harassment.

*Second*, because Defendants are government officials, the interest in requiring Ms. Krasno to publish her home address is weaker. *See Yaman*, 786 F. Supp. 2d at 153 ("Where an action is brought against a government entity rather than a private party . . . courts are more likely to allow a plaintiff to proceed anonymously.").

*Third*, there is no risk of unfairness to Defendants in this case. Ms. Krasno's home address is not relevant to any questions of law or fact in front of the Court. Defendants may reach Ms. Krasno through counsel, and will not be prejudiced in any way. The Court will also have a copy of Ms. Krasno's address under seal, and will be able to reach her or her counsel directly.

*Finally*, it is worth noting that there is no public interest favoring the publication of Ms. Krasno's address against her will. Unlike the public's general interest in knowing the identities of litigants, there is no comparable and categorical interest in requiring plaintiffs to proactively publish their personal addresses as a condition of filing suit. In fact, many federal district courts explicitly prohibit the publication of a litigant's home address information. *See, e.g.*, *Porter v. Banking Branch & Tr. Co.*, No. 1:09-CV-3656-JEC-JFK, 2010 WL 11647377, at *1 n.3 (N.D. Ga. Feb. 24, 2010) (explaining standing order in Northern District of Georgia requiring that where "a home address must be included" on documents filed electronically, "only the city and states should be listed"); *Fodor v. Blakey*, No. CV1108496MMMRZX, 2012 WL 12893986, at *9 (C.D. Cal. Dec. 31, 2012) (same).

In light of this balance of interests, Ms. Krasno's request for the modest relief of omitting her home address from the case caption is a reasonable one. Ms. Krasno thus seeks to protect her constitutional rights without having to endure potential harassment at her residence.

For these reasons, the motion should be granted.

Respectfully submitted,

/s/ Jameel Jaffer
Jameel Jaffer (MI0067)
Katherine Fallow*
Stephanie Krent*
Lyndsey Wajert*
Alex Abdo*
Knight First Amendment Institute
  at Columbia University
475 Riverside Drive, Suite 302
New York, NY 10115
(646) 745-8500
jameel.jaffer@knightcolumbia.org
*Counsel for Plaintiffs*

/s/ Caitlin M. Foley
Caitlin M. Foley*
Animal Legal Defense Fund
150 South Wacker Drive, Suite 2400
Chicago, IL 60606
(707) 795-2533 ext. 1043
cfoley@aldf.org

Christopher A. Berry (Bar ID CA00106)
Animal Legal Defense Fund
525 E. Cotati Ave.
Cotati, CA 94931
(707) 795-2533 ext. 1041
cberry@aldf.org

*Counsel for Plaintiffs Madeline Krasno and
  Nick Hartkopf*


**Pro Hac Vice* motion forthcoming*

September 10, 2021