UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

PEOPLE FOR THE ETHICAL
TREATMENT OF ANIMALS, MADELINE
KRASNO, and RYAN HARTKOPF,

        Plaintiffs,

    v.

LAWRENCE A. TABAK, in his official
capacity as Acting Director of the Institutes of
Health, and XAVIER BECERRA, in his
official capacity as Secretary of the U.S.
Department of Health and Human Services,

        Defendants.

Civil Action No. 21-2380 (BAH)

**PLAINTIFFS' RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs write to respond to Defendants' notice of supplemental authority concerning a recent opinion from the Western District of Wisconsin, *Krasno v. Mnookin*, No. 21-cv-99-slc, 2022 WL 16635246 (W.D. Wis. Nov. 2, 2022), *appeal filed*, No. 22-3170 (7th Cir. Dec. 2, 2022).

That case concerned a challenge to the University of Wisconsin–Madison's practice of suppressing off-topic comments on its Facebook page and Instagram account. In rejecting the challenge, the court first concluded that the comment threads on the University of Wisconsin–Madison's Facebook page and Instagram account were limited or nonpublic forums, citing evidence that the University engaged in ongoing manual review of the comments made in response to the University's posts. *See Krasno*, 2022 WL 16635246, at *10–14. Second, the court concluded that banning off-topic comments made in response to the University's own posts was a reasonable and viewpoint-neutral policy as a general matter. *Id*. at *15–18. But the court did not opine on whether the University's specific actions against Ms. Krasno's speech—including blocking Ms.

Krasno's account from commenting on the University's social media sites, manually deleting some of her comments, and using keyword filters aimed at restricting comments related to animal advocacy—violated the First Amendment, because it concluded that Ms. Krasno lacked standing to challenge the keyword blocking, and that the university's officials were protected from her other challenges by sovereign and qualified immunity. *Id.* at *19–23.

Plaintiffs believe that *Krasno* was wrongly decided, and they note that the plaintiff in *Krasno* (who is also a plaintiff in this action) has filed a notice of appeal. But even accepting the court's holdings in *Krasno*, the decision has little bearing on the issues in this case for two reasons. As an initial matter, the court's determination that the comment threads in question were limited or nonpublic forums rested on its finding that the University actively engaged in both keyword-based and manual moderation to limit "off-topic comments, both those that relate to animal testing and those that do not." *Id*. at *14. According to the court, the University's "social media managers review[ed] thousands of comments made in response to" posts, *id.* at *12, its primary social media manager reviewed comments to its posts three times each day, *id.* at *4, and it engaged in a "situation-dependent" process to add and remove words from keyword blocking lists on an "as-needed" basis, *id.* at *5. By contrast, the NIH only ever engaged in "limited" or "especially limited" efforts to manually review comments, did not point to any instance in which manual moderation was used to suppress an off-topic comment, did not similarly moderate—even "loosely," *id.* at *14—off-topic comments unrelated to animal advocacy, and did not remove blocked keywords when comments containing them would undisputedly be on topic. *See* Pls.' Reply Br. 6, 14–18 & 18 n.10. Given these factual differences, *Krasno* does not apply to the circumstances presented in this case.

In addition, the court in *Krasno* (erroneously) concluded that the plaintiff lacked standing to challenge the University's use of keyword blocking, and so explicitly declined to consider whether the preemptive use of keyword blocking to suppress animal advocacy is consistent with the First Amendment. *See Krasno*, 2022 WL 16635246, at *19–21. In this case, however, there is no question that Plaintiffs have standing to challenge Defendants' keyword blocking scheme, and Defendants have not suggested otherwise. Thus, *Krasno* offers the Court no guidance on the central issue in this case. For the reasons stated in Plaintiffs' briefs, the NIH's preemptive use of keyword blocking is not consistent with the First Amendment. *See, e.g.*, Pls.' Reply Br. 3–8, 19–23.

Respectfully submitted,

 /s/ *Stephanie Krent*
Stephanie Krent, *pro hac vice*
Alyssa Morones, *pro hac vice*
Katherine Fallow, *pro hac vice*
Jameel Jaffer (MI0067)
Knight First Amendment Institute
  at Columbia University
475 Riverside Drive, Suite 302
New York, NY 10115
(646) 745-8500
stephanie.krent@knightcolumbia.org

*Counsel for Plaintiffs*

 /s/ *Caitlin M. Foley*
Caitlin M. Foley, *pro hac vice*
Animal Legal Defense Fund
150 South Wacker Drive, Suite 2400
Chicago, IL 60606
(707) 795-2533 ext. 1043
cfoley@aldf.org

Christopher A. Berry (Bar ID CA00106)
Animal Legal Defense Fund

        525 E. Cotati Ave.
        Cotati, CA 94931
        (707) 795-2533 ext. 1041
        cberry@aldf.org

        *Counsel for Plaintiffs Madeline Krasno and Ryan Hartkopf*

        /s/ *Asher Smith*
        Asher Smith, *pro hac vice*
        People for the Ethical Treatment of Animals
        1536 16th Street NW
        Washington, DC 20036
        (202) 483-7382
        AsherS@petaf.org

        *Counsel for Plaintiff People for the Ethical Treatment of Animals*

December 8, 2022

4