UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, MADELINE KRASNO, and RYAN HARTKOPF,<br><br>Plaintiffs,<br><br>v.<br><br>LAWRENCE A. TABAK, in his official capacity as acting Director of the National Institutes of Health, and XAVIER BECERRA, in his official capacity as Secretary of the U.S. Department of Health and Human Services,<br><br>Defendants. | Civil Action No. 21-2380 (BAH) |

## CONSENT MOTION FOR AN INDICATIVE RULING

Pursuant to Federal Rule of Civil Procedure 62.1, Plaintiffs respectfully move the Court to issue an indicative ruling stating that it would grant the attached Rule 41(a)(2) Consent Motion and dismiss with prejudice Plaintiffs' remaining claims against Defendant Xavier Becerra regarding the U.S. Department of Health and Human Service's own Facebook page, if the D.C. Circuit remands this case back to the Court for that limited purpose. Defendants consent to this motion.

### BACKGROUND

On September 9, 2021, Plaintiffs filed a complaint for declaratory and injunctive relief against Defendants Francis Collins, in his official capacity as then-Director of the National Institutes of Health ("NIH"), and Xavier Becerra, in his official capacity as Secretary of the U.S. Department of Health and Human Services ("HHS"), to prevent the NIH and HHS from blocking comments posted to the agencies' social media pages. *See* ECF No. 1. The complaint asserted two

1

claims against HHS: (1) that HHS was liable, based on its managerial authority over the NIH, for NIH's use of keyword blocking on NIH's social media pages, *id.* ¶ 12; and (2) that HHS was liable for its own use of keyword blocking on the HHS Facebook page, *id.* ¶¶ 58–59, 65; *see also id.* ¶¶ 53–55, 65–66, 71–72, 78–79, 80–83.

On February 11, 2022, the parties filed a joint stipulation of facts and a joint status report informing the Court of their intent to file cross-motions for summary judgment as to the claims against the NIH and HHS based on the NIH's use of keyword blocking. ECF Nos. 28, 29. The joint status report stated: "The parties have agreed that both the stipulation and their forthcoming cross-motions for summary judgment will address the Plaintiffs' allegations relating to [the NIH]. The parties were more readily able to reach an agreed-upon set of facts relating to the NIH, and believe that the Court's resolution of their cross-motions with respect to the NIH's actions may obviate the need for further litigation over the allegations relating to" HHS's own conduct. ECF No. 29 at 1. The parties' agreement to proceed only as to the allegations concerning the NIH's use of keyword blocking was made following a representation by Defendants' counsel that "HHS ha[d] not instituted a keyword filter for the term 'monkey'—or any other keyword filter calculated to target comments concerning animal testing"—on HHS's own Facebook page.

On April 1, 2022, Plaintiffs moved for summary judgment against the NIH and HHS based on the NIH's use of keyword blocking. ECF No. 30 at 3 n.1 (stating in relevant part that "[t]he instant motion addresses only the NIH's use of keyword blocking on its social media pages, and not any practices of the HHS on its social media pages"). Defendants cross-moved for summary judgment on May 6, 2022. ECF No. 31.

On March 31, 2023, this Court held that Defendants were entitled to judgment as a matter of law on Plaintiffs' claims concerning the NIH's keyword blocking. ECF No. 44 at 30. In a

separate order entered on the same day, the Court granted Defendants' cross-motion for summary judgment, denied Plaintiffs' motion for summary judgment, and directed the Clerk of the Court to close this case. ECF No. 43. The order also noted that it was "final and appealable." *See id.*

On May 11, 2023, Plaintiffs filed a notice of appeal to the D.C. Circuit. ECF No. 45. As a result of an oversight, Plaintiffs did not seek to have their claims related to HHS's own Facebook account resolved prior to filing their notice of appeal. On May 15, 2023, the appeal was transmitted to the D.C. Circuit. ECF No. 46. The parties proceeded to file the appendix and their briefs on appeal, and that briefing is nearly complete.

In their Brief for Appellees, Defendants noted that, because the cross-motions for summary judgment did not address all of Plaintiffs' claims, the D.C. Circuit lacks jurisdiction. *People for the Ethical Treatment of Animals v. Tabak*, No. 23-5110 (D.C. Cir.), Doc. No. 2026268 at 20–21. Defendants further stated that they would not object to Plaintiffs taking steps to cure the jurisdictional defect by dismissing their remaining claims against HHS with prejudice. *Id.* at 21. The purpose of this consent motion is to cure that jurisdictional defect so that the appeal may proceed.

**ARGUMENT**

Because this case is pending on appeal before the D.C. Circuit (No. 23-5110), this Court does not currently have jurisdiction over it, but Rule 62.1 provides a mechanism to allow the Court to grant Plaintiffs' Rule 41(a)(2) Consent Motion and dismiss the remaining claims with prejudice.

Rule 62.1 permits a district court to indicate whether it would grant a motion for relief "that the court lacks the authority to grant because of an appeal that has been docketed and is pending." Fed. R. Civ. P. 62.1(a). The court of appeals then may remand to the district court to grant the motion, "but retains jurisdiction unless it expressly dismisses the appeal." Fed. R. App. P. 12.1(b).

Following the limited remand, "the parties must promptly notify the circuit clerk when the district court has decided the motion on remand." Fed. R. App. P. 12.1(b).

The D.C. Circuit has indicated that an appellate jurisdictional defect such as the one that exists here can be cured by dismissal of the remaining claims with prejudice. *See Blue v. D.C. Pub. Schs.*, 764 F.3d 11, 17 (D.C. Cir. 2014) (noting that every circuit permits plaintiffs to "voluntarily to dismiss remaining claims or remaining parties from an action as a way to conclude the whole case in the district court and ready it for appeal," but holding that plaintiff's dismissal of the remaining claims without prejudice did not cure the jurisdictional defect in that case); *Robinson-Reeder v. Am. Council on Educ.*, 571 F.3d 1333, 1339–40 (D.C. Cir. 2009) (discussing that while a voluntary dismissal without prejudice would not be sufficient to create appellate jurisdiction, securing dismissal of the claim with prejudice would); *see also Lowery v. AmGuard Ins. Co.*, 84 F.4th 943, 948 (11th Cir. 2023) (holding that a partial summary judgment became "final" for the purposes of appellate jurisdiction when the plaintiff filed a notice to "abandon" the only unresolved claim).

## REQUEST FOR RELIEF

Plaintiffs respectfully request that the Court indicate that it would grant the attached Rule 41(a)(2) Consent Motion and dismiss the remaining claims with prejudice if the D.C. Circuit were to remand this action for that purpose. A proposed order is attached to this motion.

Dated: December 6, 2023

Respectfully submitted,

/*s*/ Caitlin M. Foley
Caitlin M. Foley, *pro hac vice*
Animal Legal Defense Fund
150 South Wacker Drive, Suite 2400
Chicago, IL 60606
(707) 795-2533 ext. 1043
cfoley@aldf.org

Christopher A. Berry (Bar ID CA00106)
Animal Legal Defense Fund Case
525 E. Cotati Ave.
Cotati, CA 94931
(707) 795-2533 ext. 1041
cberry@aldf.org

*Counsel for Plaintiffs Madeline Krasno and Ryan Hartkopf*

/*s*/ Ashley Ridgway
Ashley Ridgway
Asher Smith
Aaron Frazier
PETA Foundation
1536 16th Street NW
Washington, DC 20036
(202) 483-7382
ashleyr@petaf.org

*Counsel for Plaintiff People for the Ethical Treatment of Animals*

/*s*/ Katherine Fallow
Katherine Fallow
Alexia Ramirez
Stephanie Krent
Jameel Jaffer
Knight First Amendment Institute
  at Columbia University
475 Riverside Drive, Suite 302
New York, NY 10115
katie.fallow@knightcolumbia.org
(646) 745-8500

*Counsel for Plaintiffs*

5