UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, MADELINE KRASNO, and RYAN HARTKOPF,<br><br>Plaintiffs,<br><br>v.<br><br>LAWRENCE A. TABAK, in his official capacity as acting Director of the National Institutes of Health, and XAVIER BECERRA, in his official capacity as Secretary of the U.S. Department of Health and Human Services,<br><br>Defendants. | Civil Action No. 21-2380 (BAH) |

**CONSENT MOTION TO DISMISS CLAIMS WITH PREJUDICE**

Per Federal Rule of Civil Procedure 41(a)(2), Plaintiffs respectfully move for an Order of the Court dismissing with prejudice the remaining claims against Defendant Xavier Becerra regarding the U.S. Department of Health and Human Service's own Facebook page. Defendants consent to this motion.

Rule 41(a)(2) provides that an action may be dismissed by court order "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). As grounds Plaintiffs state as follows:

On September 9, 2021, Plaintiffs People for the Ethical Treatment of Animals, Madeline Krasno, and Ryan Hartkopf filed a complaint for declaratory and injunctive relief naming as Defendants Francis Collins, in his official capacity as then-Director of the National Institutes of Health ("NIH"), and Xavier Becerra, in his official capacity as Secretary of the U.S. Department of Health and Human Services ("HHS").

1

Plaintiffs' complaint alleged that the NIH's use of keyword blocking on its Facebook and Instagram accounts violated Plaintiffs' First Amendment rights, and sought relief based on this claim against both the NIH and HHS. *See* ECF No. 1. Plaintiffs' complaint also asserted a separate First Amendment claim against HHS based on HHS's alleged use of keyword blocking on HHS's own Facebook page. *Id.* ¶¶ 53–55, 58–59, 65–66, 71–72, 78–79, 80–83.

On February 11, 2022, the parties filed a joint stipulation of facts and a joint status report informing the Court of their intent to file cross-motions for summary judgment as to the claims against the NIH and HHS based on the NIH's use of keyword blocking on its Facebook and Instagram accounts. ECF Nos. 28, 29. The joint status report stated: "The parties have agreed that both the stipulation and their forthcoming cross-motions for summary judgment will address the Plaintiffs' allegations relating to [the NIH]. The parties were more readily able to reach an agreed-upon set of facts relating to the NIH, and believe that the Court's resolution of their cross-motions with respect to the NIH's actions may obviate the need for further litigation over the allegations relating to" HHS's own conduct. ECF No. 29 at 1. The parties' agreement to proceed only as to the allegations concerning the NIH's use of keyword blocking was made following a representation by Defendants' counsel that "HHS ha[d] not instituted a keyword filter for the term 'monkey'—or any other keyword filter calculated to target comments concerning animal testing"—on HHS's own Facebook page.

Plaintiffs moved for summary judgment against the NIH and HHS based on the NIH's use of keyword blocking on April 1, 2022. ECF No. 30. Defendants cross-moved for summary judgment on May 6, 2022. ECF No. 31.

In an opinion dated March 31, 2023, the Court held that Defendants were entitled to judgment as a matter of law on Plaintiffs' claims concerning the NIH's keyword blocking. ECF

No. 44 at 30. In a separate order on the same day, the Court denied Plaintiffs' motion for summary judgment, granted Defendants' cross-motion for summary judgment, directed the Clerk of the Court to close the case, and stated that its order was final and appealable. ECF No. 43.

On May 11, 2023, Plaintiffs filed a notice of appeal of the Court's March 31, 2023 order. ECF No. 45. As a result of an oversight, Plaintiffs did not seek to have their claims related to HHS's own Facebook account resolved prior to filing their notice of appeal. On May 15, 2023, the appeal was transmitted to the Court of Appeals for the D.C. Circuit. ECF No. 46. The parties proceeded to file the appendix and their briefs on appeal, and that briefing is nearly complete.

Defendants noted in their Brief for Appellees that because the cross-motions for summary judgment did not address the claims against Defendant Becerra regarding HHS's own Facebook page, the Court's March 31, 2023 order is not yet a final appealable order and the D.C. Circuit, therefore, lacks jurisdiction. *People for the Ethical Treatment of Animals v. Tabak*, No. 23-5110 (D.C. Cir. 2023), Doc. No. 2026268 at 20–21. Defendants further stated that they would not object to Plaintiffs taking steps to cure the jurisdictional defect by dismissing their remaining claims against HHS with prejudice in the district court. *Id.* at 21.

Accordingly, pursuant to Federal Rule of Civil Procedure 41(a)(2), Plaintiffs respectfully move for an Order of the Court dismissing with prejudice the Complaint's remaining claims against Defendant Becerra regarding HHS's own Facebook page. Based on the representation made by Defendants' counsel that HHS is not using keyword blocking on its own Facebook page, Plaintiffs will no longer pursue the claims in their complaint against HHS based on HHS's own Facebook page, regardless of the outcome of the appeal concerning the NIH's use of keyword blocking on its Facebook and Instagram accounts.

Dated: January 11, 2024

 /*s*/ Caitlin M. Foley
Caitlin M. Foley, *pro hac vice*
Animal Legal Defense Fund
150 South Wacker Drive, Suite 2400
Chicago, IL 60606
(707) 795-2533 ext. 1043
cfoley@aldf.org

Christopher A. Berry (Bar ID CA00106)
Animal Legal Defense Fund Case
525 E. Cotati Ave.
Cotati, CA 94931
(707) 795-2533 ext. 1041
cberry@aldf.org

*Counsel for Plaintiffs Madeline Krasno and Ryan Hartkopf*

 /s/ *Asher Smith*
Asher Smith, *pro hac vice*
PETA Foundation
1536 16th Street NW
Washington, DC 20036
(202) 483-7382
AsherS@petaf.org

*Counsel for Plaintiff People for the Ethical Treatment of Animals, Inc.*

Respectfully submitted,

 /s/ Katherine A. Fallow
Katherine A. Fallow, *pro hac vice*
Stephanie Krent, *pro hac vice*
Jameel Jaffer (Bar ID MI0067)
Knight First Amendment Institute
  at Columbia University
475 Riverside Drive, Suite 302
New York, NY 10115
(646) 745-8500
katie.fallow@knightcolumbia.org

*Counsel for Plaintiffs*

4