IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, MADELINE KRASNO, and RYAN HARTKOPF,<br><br>Plaintiffs,<br><br>v.<br><br>LAWRENCE A. TABAK, in his official capacity as Acting Director of the Institutes of Health, and XAVIER BECERRA, in his official capacity as Secretary of the U.S. Department of Health and Human Services,<br><br>Defendants. | Civil Action No. 21-2380 (BAH) |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' SKELETAL MOTION FOR ATTORNEYS' FEES**

Plaintiffs respectfully move for attorneys' fees and expenses under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, for their successful litigation challenging the National Institutes of Health (NIH)'s practice of blocking certain keywords associated with animal advocacy.

In accordance with Local Rule 7(m), prior to the filing of this motion, counsel for Plaintiffs conferred with counsel for Defendants. Plaintiffs respectfully ask this Court to stay briefing to allow the parties to discuss settling Plaintiffs' fee request. The parties propose filing a joint status report within ninety days to notify the Court of the status of their settlement discussions and, if necessary, to propose a schedule for further proceedings. *See Scarborough v. Principi*, 541 U.S. 401, 418–19 (2004) (holding EAJA attorneys' fees application could be amended following the statutory deadline by "relation back"); *United States v. Hristov*, 396 F.3d 1044, 1046–48 (9th Cir.

1

2005) (holding defendant could amend timely-filed motion for attorneys' fees under the Hyde Amendment outside the statutory deadline); *McCarthy v. Bowen*, 824 F.2d 182, 184 (2d Cir. 1987) (noting that this approach can conserve judicial resources); *see also* Orders dated May 5, 2022, May 31, 2022, July 12, 2022, *Asylumworks v. Mayorkas*, No. 1:20-cv-03815-BAH (D.D.C. 2020) (granting extensions of time to file motion for attorneys' fees under EAJA to permit settlement negotiations).

**Argument**

Under EAJA, a prevailing party is entitled to attorneys' fees and expenses in a civil action brought against the United States or one of its officials unless the government can establish that "the position of the United States was substantially justified." 28 U.S.C. § 2412(d)(1)(A). Plaintiffs seek attorneys' fees and expenses under EAJA through this motion for the work done by their attorneys in the above-captioned case before this Court. Plaintiffs also seek attorneys' fees and expenses under EAJA through this motion for the work done by their attorneys in the appeal of this Court's initial decision on the parties' cross-motions for summary judgment. *See Pursuing Am.'s Greatness v. FEC*, 463 F. Supp. 3d 11 (D.D.C. 2020) (considering motion for attorneys' fees for work including appeal of interim ruling); *Truckers United for Safety v. Mead*, 201 F. Supp. 2d 52 (D.D.C. 2002) (considering motion for attorneys' fees following successful appeal), *rev'd on other grounds*, 329 F.3d 891 (D.C. Cir. 2003).

**I.    Plaintiffs are prevailing parties.[1]**

A party has "prevailed" under EAJA if it has "succeeded on any significant issue in litigation which achieved some of the benefit . . . sought in bringing suit." *See Shalala v. Shaefer*,

---

[1] Plaintiffs are parties eligible for an award of attorneys' fees under EAJA. The individual plaintiffs, Madeline Krasno and Ryan Hartkopf, are individuals whose net worths at the time of filing this lawsuit did not exceed the statutory threshold of $2 million. *See* 28 U.S.C.

509 U.S. 292, 302 (1993) (cleaned up). Prevailing party status is conferred when: (1) there is a "court-ordered change in the legal relationship of the parties;" (2) there is a "judgment [] in favor of the party seeking the fees;" and (3) the "judicial pronouncement" is "accompanied by judicial relief." *SecurityPoint Holdings, Inc. v. TSA*, 836 F.3d 32, 36 (D.C. Cir. 2016) (cleaned up).

These factors have been met here. The main issue in this litigation was whether the NIH's practice of blocking keywords associated with animal advocacy violated the First Amendment. Among other relief, Plaintiffs sought a declaration that NIH's conduct was wrongful and the removal of those keywords from NIH's keyword-blocking lists. *See* Compl. at 32, ECF No. 1. Although this Court did not initially grant Plaintiffs' motion for summary judgment, the Court of Appeals ruled in favor of Plaintiffs, finding NIH's conduct unconstitutional under the First Amendment. *See People for the Ethical Treatment of Animals v. Tabak*, 109 F.4th 627, 638 (D.C. Cir. 2024). In response to the Court of Appeals' opinion, this Court entered judgment in favor of Plaintiffs, *see* Minute Order dated September 25, 2024, and NIH ended its practice of automatically blocking comments using the keywords at issue in this case, *see* ECF No. 52 at 2 ("Following the D.C. Circuit's decision, NIH deleted the offending filters, thus addressing any concrete injuries established by Plaintiffs in this case.").

The entry of summary judgment in Plaintiffs' favor—which forced NIH to materially change its conduct toward Plaintiffs—confers prevailing party status upon Plaintiffs. *See Bukhannon Bd. & Home Care, Inc. v. W. Va. Dep't of Health & Hum. Res.*, 532 U.S. 598, 604 (2001) ("[E]nforceable judgments on the merits . . . create the material alteration of the legal

---

§ 2412(d)(2)(B)(i); *see also* Krasno Decl. ¶ 3; Hartkopf Decl. ¶ 3. The organizational plaintiff, People for the Ethical Treatment of Animals, Inc. (PETA), is an "organization described in section 501(c)(3) of the Internal Revenue Code . . . exempt from taxation" and employed fewer than 500 employees at the time of filing this lawsuit *See* 28 U.S.C. § 2412(d)(2)(B)(ii); *see also* Smith Decl. ¶ 5.

relationship between the parties necessary to permit an award of attorney's fees." (cleaned up)); *GasPlus, LLC v. U.S. Dep't of Interior*, 593 F. Supp. 2d 80, 85 (D.D.C. 2009) ("Because this court granted GasPlus summary judgment, . . . GasPlus meets EAJA's definition of 'prevailing party.'" (cleaned up)); *see also Initiative & Referendum Inst. v. U.S. Postal Serv.*, 794 F.3d 21, 24–25 (D.C. Cir. 2015). The Court of Appeals held that NIH's conduct violated the First Amendment and ordered the Court to enter summary judgment in favor of Plaintiffs, which the Court did on September 25, 2024. *See People for the Ethical Treatment of Animals*, 109 F.4th at 638; Minute Order dated September 25, 2024. Following the Court of Appeals' decision, NIH removed the keywords from its keyword blocking lists on Facebook and Instagram. *See* ECF No. 52. NIH responded to "a court-ordered change," *Initiative & Referendum Inst.*, 794 F.3d at 23—the Court of Appeals' decision holding that it could not constitutionally continue its practice of keyword blocking as it had before. *See* ECF No. 52 at 2 ("*Following the D.C. Circuit's decision*, NIH deleted the offending filters, thus addressing any concrete injuries established by Plaintiffs in this case." (emphasis added)). Having secured legal victory and relief from their injuries, Plaintiffs are prevailing parties.

**II.     Defendants cannot show that their position was substantially justified.**

Defendants cannot establish that "the position of the United States was substantially justified" as required to avoid an obligation to pay fees under EAJA. 28 U.S.C. § 2412(d)(1)(A). "Substantially justified" in this context means "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The government bears the burden of proving that its position is substantially justified, and "must demonstrate the reasonableness not only of its litigation position, but also of the *agency's* actions." *Role Models Am., Inc. v. Brownlee*, 353 F.3d 962, 967 (D.C. Cir. 2004). The fact that Defendants initially prevailed in this Court is not

4

sufficient to satisfy their burden of proving substantial justification, because they must also show that the underlying conduct was reasonable. *Id.*; *see also Pursuing Am.'s Greatness*, 463 F. Supp. 3d at 16 (noting that to meet its burden, the government "must demonstrate the reasonableness not only of its litigation position, but also of the agency's actions"); *Nat'l Venture Capital Ass'n v. Nielson*, 318 F. Supp. 3d 145, 149 (D.D.C. 2018) (same).

Defendants cannot establish that their entire position was substantially justified because the underlying action which gave rise to this litigation—NIH's use of automated keyword blocking as a means to enforce its off-topic policy—was not reasonable, as the Court of Appeals explicitly and emphatically held. Applying the relatively lenient level of scrutiny applicable to speech restrictions in limited public forums, the Court of Appeals repeatedly observed that NIH's conduct was "unreasonable" and "defies common sense." *People for the Ethical Treatment of Animals*, 109 F.4th at 636–38. To begin, the Court of Appeals found that NIH's off-topic policy was unreasonable because it failed to "'draw a reasonable line' . . . informed by 'objective, workable standards.'" *Id.* at 636. Indeed, NIH failed "to provide any definition of 'off-topic' in its Comment Guidelines, to its social media moderators, or even in this litigation." *Id.* at 637. The Court of Appeals further found that NIH's use of automated keyword blocking to enforce its off-topic policy was fundamentally unreasonable because NIH often posted about topics related to animal testing: "To say that comments related to animal testing are categorically off-topic when a significant portion of NIH's posts are about research conducted on animals defies common sense." *Id.*; *see also id.* at 636 ("In the context of NIH's posts—which often feature research conducted using animal experiments or researchers who have conducted such experiments—to consider words related to animal testing categorically 'off-topic' does not 'ring[ ] of common-sense.'") (citation omitted)). As the Court of Appeals explained, "[t]he permanent and context-insensitive

5

nature of NIH's speech restriction reinforces its unreasonableness, especially absent record evidence that comments about animal testing materially disrupt NIH's ability to meet its objective of communicating with citizens about NIH's work." *Id.* at 638; *see also id.* at 637–38 ("NIH's off-topic policy, as implemented by the keywords, is further unreasonable because it is inflexible and unresponsive to context."). Finally, the Court of Appeals concluded that the viewpoint-discriminatory nature of NIH's keyword blocking compounded the unreasonableness of its practice: "NIH's off-topic restriction is further compromised by the fact that NIH chose to moderate its comment threads in a way that skews sharply against the appellants' viewpoint that the agency should stop funding animal testing by filtering terms such as 'torture' and 'cruel,' not to mention terms previously included such as 'PETA' and '#stopanimaltesting.'" *Id.* at 638.

In sum, NIH's conduct fundamentally lacked common sense such that NIH could not justify its position to a reasonable person. Therefore, it cannot meet its burden of showing that the entirety of its litigation position was substantially justified. Plaintiffs are thus entitled to fees under EAJA.

### III.  Plaintiffs' fee request is reasonable.

Plaintiffs are entitled to fees and expenses as outlined in the chart attached as Exhibit 1. The attached fees and expenses are reasonable in light of the complexity of this litigation, the time invested by counsel in this litigation, and the results achieved through the litigation. *Cf. Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983) ("Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation[.]"). Here, after years of diligent litigation, Plaintiffs' counsel secured a grant of summary judgment from a unanimous panel of the Court of Appeals,

6

*see Tabak*, 109 F.4th at 627; in response, NIH removed the relevant keywords from its keyword blocking list, ECF No. 52 at 2.

Notably, Plaintiffs have exercised significant billing judgment and seek only a portion of the fees and expenses to which they are entitled under the statute. Plaintiffs have excluded all time spent by several attorneys and law clerks who worked on this case at the Knight First Amendment Institute, the Foundation to Support Animal Protection,[2] and the Animal Legal Defense Fund, including Christopher Berry, Aaron Fraizer, Caitlin Hawks, Amanda Howell, Samuel Krauss, Jeff Stein, Theo Tamayo and Gabe Walters. Plaintiffs have used discretion to exclude time that was duplicative, excessive, or otherwise inappropriate for billing. Plaintiffs have also excluded administrative costs and time spent by administrative staff who worked on this matter.

Plaintiffs seek to be compensated at rates that are appropriate given the cost-of-living adjusted fee rate under EAJA in Washington, D.C. EAJA sets a statutory rate of $125, which the Court may then adjust upward "to account for cost-of-living increases." *Nat'l Venture Capital Ass'n*, 318 F. Supp. 3d at 151. To account for regional cost-of-living increases, Plaintiffs determined the hourly rate for the work performed in this matter for each relevant year by multiplying the Consumer Price Index for the Washington, D.C. metro area in the year for which the work was completed by the 1996 EAJA rate of $125 per hour, and dividing that amount by the Consumer Price Index for March 1996—the date when EAJA was passed. *See Porter v. Astrue*, 999 F. Supp. 2d 35, 38–41 (D.D.C. 2013) (describing principles of calculating appropriate EAJA rates); *Haselwander v. McHugh*, 797 F.3d 1, 3 (D.C. Cir. 2015) (similar).

---

[2] The Foundation to Support Animal Protection (FSAP), also known as the PETA Foundation, is a separate 501(c)(3) entity that provides legal and other services to PETA, Inc., a plaintiff in this case. Attorneys employed by FSAP are not in-house counsel for PETA, Inc. They work in a manner consistent with full-time outside litigation counsel as counsel of record in cases across the country, and at times represent parties other than PETA, Inc. *See* Smith Decl. ¶ 3.

The chart attached as Exhibit 1 indicates the fees to which Plaintiffs' attorneys are entitled.

## Conclusion

For the reasons set forth above, Plaintiffs respectfully request that they are awarded fees of $205,714.87 (as calculated on the attached chart).

In the event that this Court denies Plaintiffs' concurrently-filed motion to permit skeletal filing of motion for attorneys' fees and to stay briefing, Plaintiffs respectfully request that the Court permit them promptly to supplement the instant motion to provide a more detailed account of the fees and expenses to which they believe they are entitled.

November 27, 2024

Respectfully submitted,

/s/ *Stephanie Krent*
Stephanie Krent, *pro hac vice*
Katherine Fallow, *pro hac vice*
Jameel Jaffer
Knight First Amendment Institute
  at Columbia University
475 Riverside Drive, Suite 302
New York, NY 10115
(646) 745-8500
stephanie.krent@knightcolumbia.org

*Counsel for Plaintiffs*

/s/ *Caitlin M. Foley*
Caitlin M. Foley, *pro hac vice*
Animal Legal Defense Fund
150 South Wacker Drive, Suite 2400
Chicago, IL 60606
(707) 795-2533 ext. 1043
cfoley@aldf.org

*Counsel for Plaintiffs Madeline Krasno and
  Ryan Hartkopf*

/s/ *Asher Smith*
Asher Smith, *pro hac vice*

        Ashley Ridgway (application for admission accepted; pending oath ceremony)
PETA Foundation
1536 16th Street NW
Washington, DC 20036
(202) 483-7382
AsherS@petaf.org

*Counsel for Plaintiff People for the Ethical Treatment of Animals, Inc.*

# APPENDIX

| *PETA v. Tabak*: Attorneys' Fees Summary |||
|---|---|---|
| **Attorney or Law Clerk** | **Hours** | **Total Based on Hours x Rate** |
| Alex Abdo | 3.36 | $780.44 |
| Katie Fallow | 140.47 | $33,679.07 |
| Caitlin Foley | 12.7 | $3003.70 |
| Jameel Jaffer | 30.62 | $7,472.99 |
| Stephanie Krent | 418.06 | $99,976.68 |
| Alyssa Morones | 133.18 | $28,890.40 |
| Alexia Ramirez | 56.29 | $13,913.99 |
| Ashley Ridgway | 23.9 | $5,938.73 |
| Asher Smith | 34.3 | $7,982.93 |
| Lyndsey Wajert | 18.3 | $4,075.94 |