IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, MADELINE KRASNO, and RYAN HARTKOPF,<br><br>Plaintiffs,<br><br>v.<br><br>LAWRENCE A. TABAK, in his official capacity as Acting Director of the Institutes of Health, and XAVIER BECERRA, in his official capacity as Secretary of the U.S. Department of Health and Human Services,<br><br>Defendants. | Civil Action No. 21-2380 (BAH) |

**DECLARATION OF ASHER SMITH IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES**

I, Asher Smith, declare and testify as follows:

1. I am over 18 years of age, and if called upon to testify to the facts set forth in this declaration, I could and would competently do so. I make the following statements based on my personal knowledge.

2. I am a member of the Bar of New York. I am Deputy General Counsel and Director of Litigation at the Foundation to Support Animal Protection (FSAP or PETA Foundation), where I have worked since 2018. In this role, I oversee and manage other attorneys in FSAP's Litigation division.

3. FSAP is a 501(c)(3) supporting organization that provides legal and other services to People for the Ethical Treatment of Animals, Inc. (PETA), a plaintiff in this case. PETA and FSAP are separate entities with separate employees and tax identification numbers. Attorneys employed by FSAP are not in-house counsel for PETA. Litigators at FSAP such as myself, and

1

those working under my supervision, operate in a manner I consider consistent with a boutique law firm. For example, FSAP litigators frequently represent PETA as a party in both state and federal court in a manner consistent with full-time outside litigation counsel. FSAP litigators also, in certain cases, represent parties other than PETA, such as individual plaintiffs. My litigation colleagues at FSAP and I are currently counsel of record, in roles consistent with full-time litigation counsel, in numerous cases representing parties across the country seeking redress for cognizable injuries implicating animal protection concerns, including under the First Amendment, the Endangered Species Act, public records law, and consumer protection law. In such capacities, FSAP litigators regularly receive fee awards for their work representing PETA and other parties.

4. In this case, FSAP litigators represented plaintiff PETA alongside attorneys who work at the Knight First Amendment Institute at Columbia University.

5. PETA is the largest animal rights organization in the world, with more than 9 million members and supporters across its global entities, and works through public education, investigative news gathering and reporting, research, animal rescue, legislation, and protest campaigns. PETA is a 501(c)(3) nonprofit organization based in Norfolk, Virginia. At the time this suit was filed in 2021, PETA had 239 employees.

6. I have represented PETA in this litigation and have done so since its inception. I have also overseen, managed, and/or coordinated the work of other attorneys working at FSAP on this matter since its inception. Several of my colleagues also participated in the representation of PETA, including Ashley Ridgway, Aaron Frazier, Caitlin Hawks, Jeff Stein, and Gabe Walters. We have been assisted by paralegal and administrative support.

7.  True and accurate records of time worked by myself and Ashley Ridgway are detailed in Exhibit 1. I have carefully reviewed those records, and they are consistent with the work performed by both attorneys identified.

8.  To prepare FSAP's portion of Plaintiffs' fee request, Ms. Ridgway and I exercised conservative billing judgment to exclude time in several ways. We excluded all time worked on this case by attorneys Aaron Frazier, Caitlin Hawks, Jeff Stein, and Gabe Walters, which were significant, to include time only from myself and Ms. Ridgway. We have each excluded time from our own record that was duplicative, excessive, or otherwise inappropriate for billing. We excluded administrative costs and time from the request. In my professional experience, Plaintiffs' request is reasonable given the legal issues and factual record in this case.

9.  The rates at which Plaintiffs' counsel seek reimbursement are described in the Declaration of Stephanie Krent, filed concurrently with this declaration.

I declare under penalty of perjury that the foregoing is true and correct.

Respectfully submitted,

_____
Asher Smith
Deputy General Counsel and Director of
  Litigation
PETA Foundation

November 25, 2024